IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:16-cv-3539 |
| CLOUD 9 TRUCKING LTD, a Washington corporation, and VEERPAL SINGH, an individual resident and citizen of Washington, | ) ) ) ) |
| Defendants. | |

## COMPLAINT

Plaintiff, BMO Harris Bank N.A., by its attorneys, complains of Defendants, Cloud 9 Trucking Ltd. and Veerpal Singh as follows:

## THE PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois.

2. Defendant, Cloud 9 Trucking Ltd. ("Borrower"), is a corporation organized under the laws of the State of Washington with its principal place of business located at 3230 Creasy Road, Custer, Washington.

3. Defendant, Veerpal Singh ("Guarantor," and together with Borrower, the "Defendants") is an individual resident and citizen of the State of Washington residing at 3230 Creasy Road, Custer, Washington.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. The parties consented to and submitted themselves to the jurisdiction of the State and Federal Courts located in Texas, pursuant to the various agreements that comprise the subject matter of this lawsuit.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## The Agreements

9. On or about September 30, 2014, non-party General Electric Capital Corporation ("GE Capital") and Borrower entered into Loan and Security Agreement No. 7934568-001 (the "First Agreement"), whereby GE Capital agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business, and Borrower agreed to pay GE Capital $265,844.50, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Agreement, together with any amendments or modifications thereto, is attached hereto as "**Exhibit A**."

10. On or about March 31, 2015, GE Capital and Borrower entered into Loan and Security Agreement No. 7953459-002 (the "Second Agreement," and together with the First Agreement, the "Agreements"), whereby GE Capital agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business, and Borrower agreed to pay GE Capital $221,120.50, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Second Agreement, together with any amendments or modifications thereto, is attached hereto as "**Exhibit B**."

11. As consideration for entering into the Agreements, Borrower granted GE Capital a security interest in the equipment described in the Agreements (collectively, the "Collateral").

12. To induce GE Capital to enter into the Agreements, Guarantor guaranteed the full and timely performance of Borrower, in all of its past, present, and future obligations, as they

may be amended from time to time, to GE Capital and its successors-in-interest under the Agreements (the "Guaranty"). True and correct copies of the Continuing Guaranties executed by Guarantor in favor of GE Capital dated September 30, 2014 and March 31, 2015 are attached hereto as "**Exhibit C**."

13. Effective October 1, 2015, GE Capital transferred and assigned to Transportation Truck and Trailer Solutions, LLC ("TTTS") all of its rights, titles and interests in and to the Second Agreement with Borrower, including Guarantor's guarantee thereof and GE Capital's security interest in the respective Collateral. Effective December 1, 2015, TTTS transferred and assigned all of the same rights, titles and interests to Plaintiff. Further, effective December 1, 2015, GE Capital transferred and assigned to Plaintiff all of its remaining rights, titles and interests in and to its accounts with Borrower, including without limitation, the First Agreement, as well as Guarantor's guarantee thereof and GE Capital's security interest in the respective Collateral. As such Plaintiff is GE Capital's successor-in-interest with respect to all rights, claims, and interests related to Borrower and Guarantor with respect to this action. True and correct copies of the respective Assignments and the Transfer Acknowledgements evidencing the assignments from GE Capital to Plaintiff are collectively attached hereto as "**Exhibit D**."

14. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default.

## Default by Defendants

15. Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.

16. More specifically, Borrower failed to make the September 10, 2016 payment due under the First Agreement and the September 1, 2016 payment due under the Second Agreement.

In addition, Borrower has failed to make all payments due under each of the Agreements subsequent to these dates.

17. A default of the Borrower under the Agreements is a default of the Guarantor under the Guaranty.

18. Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated. The principal amount due and owing after acceleration totaled not less than $294,674.93 as of the date of default.

19. Under the Agreements, Borrower is obligated to pay interest on all unpaid amounts at the default interest rate of eighteen percent (18%) per annum or the maximum rate not prohibited by applicable law.

20. Under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

21. Under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

22. Under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

23. Under the Guaranty, Guarantor is obligated to pay Plaintiff all amounts due under the Agreements.

24. Calculated as of November 11, 2016, the amount due and owing under the Agreements and the Guaranty, not including attorneys' fees and expenses or costs of collection, is an amount not less than $307,458.14.

25. Plaintiff notified Borrower and Guarantor of their defaults under the Agreements and the Guaranty and has made demand upon them to pay the amounts due under the Agreements.

26. By letters dated November 14, 2016, Plaintiff made demand upon Borrower and Guarantor to pay the accelerated amount due under the Agreements (the "Demand Letters"). True and correct copies of the respective Demand Letters are collectively attached hereto as "**Exhibit E**."

27. Despite demand, Borrower has failed and refused to pay the amount due and owing under the Agreements.

28. Despite demand, Guarantor has failed and refused to pay the amount due and owing under the Agreements and the Guaranty.

29. Under the Agreements, Plaintiff has the right to, with or without demand or notice, enter any premises where the Collateral may be and take possession of and remove them from the premises.

30. Prior to the filing of this lawsuit, Plaintiff recovered possession of the Collateral.

31. Under the Agreements and the Guaranty, the parties have unconditionally waived their respective rights to a jury trial of any claim or cause of action relating thereto.

32. Plaintiff and its predecessors-in-interest have performed any and all conditions and obligations required of them under the Agreements and the Guaranty.

### COUNT I - Breach of Contract
### (Borrower)

33. Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

34. Plaintiff has performed all terms and conditions of the Agreements to be performed by Plaintiff.

35. Borrower has not performed under the Agreements on Borrower's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

36. Under the Agreements, Plaintiff is entitled to contractual money damages from Borrower as provided therein.

37. The Agreements provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Agreements, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

### COUNT II - Breach of Contract
### (Guarantor)

38. Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

39. Plaintiff has performed all terms and conditions of the Agreements and the Guaranty to be performed by Plaintiff.

40. Guarantor has not performed under the Agreements and the Guaranty on Guarantor's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

41. Under the Agreements and the Guaranty, Plaintiff is entitled to contractual money damages from Guarantor as provided therein.

42. The Agreements and the Guaranty provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Agreements and the Guaranty, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

Dated:  December 1, 2016

Respectfully submitted,

REED SMITH, LLP

By  /s/ *Michael H. Bernick*
    Michael H. Bernick (TX Bar No. 24078227)
    REED SMITH, LLP
    811 Main Street, Suite 1700
    Houston, TX 77002-6110
    Tel: (713) 469-3800
    Fax: (713) 469-3899
    mbernick@reedsmith.com

*Counsel for Plaintiff BMO Harris Bank N.A.*